**STATE ex DAVIDSON et v ALLMAN et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2624.   Decided May 21, 1936

Howard R. Butler, Prosecutor, Lorain Co., Elyria, William G. Wickens, Asst. Pros., Elyria, for plaintiff in error.

Isadore Topper, Asst. to Attorney General, Columbus, for defendant in error.

## OPINION

By THE COURT

Now, what is the law of this case? In view of the fact that the conclusions which we have heretofore stated reasonably appear, the Director of Public Welfare was silent respecting the employment of an investigator at the Lorain office, and the Chief offers no reason for the refusal to approve the employment of Mary Brandt save another personal preference. Is the action of the Chief and the Director in the situation presented such a gross abuse of discretion as to require us to say that the trial court erred in denying the Board the writ of mandamus? Consideration of the law under which the parties operate will be of advantage.

The law providing for the granting of aid to aged persons in the State of Ohio was proposed by initiative petition referred to the electors and adopted by majority vote of date November 7, 1933. 115 O.L., Part II, 431 et seq. The administrative set-up found in the act may be summarized: (1) Division of Aid for the Aged, known as the "Division," created in the State Department of Public Welfare; (1a) the head of the Division, known as the Chief of the Division, appointed by the Director of Public Welfare, with the approval of the Governor; (2a) necessary assistants, investigators, clerks and other employees of the Chief, who appoints these employees and fixes their salaries, subject to the approval of the Director of Public Welfare; (3) the Board of Aid for the Aged, which is (3a) the County Commissioners of a County if they do not request the appointment of a separate board for the County or (3b) a Board consisting of three or five citizens of the County; appointed by the Chief of the Division of Aid for the Aged, subject to the approval of the Director of Public Welfare; (4) investigators, clerks and other employees of the Board which the Board is authorized to employ, subject to approval by the Division.

It will be observed that in three instances appointments are made subject to the approval of some officer other than the appointing power and in one instance subject to the approval of the "Division." Presumably the word "approval" each time employed was intended to have the same meaning. The latitude of the Governor is very broad in approving the appointment of the Chief of the Division of Aid for the Aged by the Director of the Department of Public Welfare. In fact, it may be said to

be practically unlimited. If this be the criterion, and we see no reason to conclude otherwise, then the right of approval by the Director of Public Welfare of the appointment of employees by the Chief of the Division and the approval of the Division of the employment of employees by the Board contemplate the widest latitude and like unto the power of approval by the Governor in the appointment of the Chief of the Division. Applying this test we have no difficulty in saying that if the Chief of the Division constitutes the Division of Aid for the Aged the trial court committed no error in holding that he did not abuse his discretion in refusing to approve the employment of Mary Brandt as investigator in the Lorain County office.

Though it is not necessary to our question it is obvious that the right of disapproval reposes in the "Division" in the Old Age Pension Act the power to dictate the appointment of the employees in the office of the Boards if there is difference between the Boards and the Division as to such appointments.

It is difficult to understand how the appointment of employees in the offices of the County Boards of the Division of Aid for the Aged can under the Old Age Pension Act as now effective be brought within the terminology and spirit of the Civil Service Act, which the legislature seems to have recognized by H. B. 605.

In the instant matter the County Board was recognized as the appointing power as appears from the letter of the Chief to the Board, of date July 30, 1935, wherein it was directed to report the appointment of Mrs. Tyson, sign a card enclosed and return it without delay. Obviously, this was to meet the requirements of §486-13 GC, which provides that the appointing officer shall report to the Civil Service Commission the name of an employee chosen, the title and character of his office, his duties, etc. The Old Age Pension Act, granting authority to the Division to approve, and therefore the right to disapprove, appointments to be made by the County Board, renders nugatory and unworkable that provision of §486-13 GC which vests the appointing power with the obligation and right, where one appointment is to be made, to make that appointment from an eligible list of three names. It is obvious that this defeats both the letter and the spirit of Civil Service.

In the situation presented in this cause no employment by the Board of an investigator has legally been made under §1359-16 GC, in the Lorain office, though the appointment of Mary Brandt, if the Chief is the "Division," has been disapproved. Whether or not Alma Tyson may be considered an employee or investigator of the Chief, under §1359-11 GC quaere? No showing has been made which would require the trial court to order the defendants to approve the employment of Mary Brandt and the writ of mandamus was properly refused.

In investigating the questions presented in this cause we have been interested to determine just what is contemplated by the term "the Division," as employed throughout the Old Age Pension Act. As heretofore observed, the only mention of those who or that which constitutes the Division of Aid for the Aged is found in §1359-11 GC, providing that:

"There is hereby created in the State Department of Public Welfare a Division of Aid for the Aged, herein referred to as the 'Division'."

There are separate and distinct officials known, named and recognized in the act, for instance, the "Director of Public Welfare" and "the Chief of the Division." The Department of Public Welfare, Director of Public Welfare and the Chief of the Division are mentioned in §11, wherein is created the Division of Aid for the Aged, and each are separate entities.

That "Chief of the Division" and "the Division" are not used synonomously is indicated in §§1359-12 and 1359-16 GC. In §1359-12 GC it is provided that:

"The Chief of the Division * * .* shall, if the County Commissioners do not act as the County Board of Aid for the Aged, appoint the Board with the approval of the Director of Public Welfare."

In §1359-16 GC the employment is to be made by the Board with the approval of the "Division." No place in the act does it expressly appear that the Chief of the Division is identical with the Division, that the Director of Public Welfare is identical with the Division, or that they in combination are the Division. If the Chief is to act as the Division it is so only by the general principle that the Chief of the Division would be presumed to have authority to act for the Division of which he is the head.

We find no specific answer to the question: "What is the Division," in the Old Age Pension Act.

By way of contrast attention is directed

to the Ohio Securities Act, wherein, in §8624-2 GC are set forth definitions of terms employed in the act. No. 1 therein provides:

"(1) 'Division' or 'division of securities' shall mean that administrative department of the State of Ohio which shall be entrusted with the administration and enforcement of this act.

"Whenever the context requires it, 'divisions' or 'division of securities' may be read as director of commerce or as chief of the division of securities."

In §154-39 GC, treating of the Department of Commerce, there is definitely set up a Division of Banks, which shall be administered by a Superintendent of Banks and his duties and responsibilities are defined and set forth with particularity and he clearly is vested with the right to act as and for the Division of Banks, so designated.

The judgment of the trial court will be affirmed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.